UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-162(2) (BAH) |
| | : | |
| **TERRY LYNN LINDSEY,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE
IMPROPER DEFENSE ARGUMENTS AND EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court preclude the following improper defense arguments and admission of improper evidence during trial in this case.

1. **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol**

The government moves to prohibit the defendant from making arguments or attempting to introduce non-relevant evidence that former President Trump gave permission for the defendant to attack the U.S. Capitol.

"To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Howell, C.J.) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chestman*, the Court rejected an entrapment by estoppel argument raised by a January 6 defendant charged with, *inter alia,* violations of 18 U.S.C. §§ 231(a)(3), 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). That reasoning would apply fully to a similar defense presented by defendant:

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol. Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.
>
> * * * *
>
> Setting aside the question of whether such a belief was reasonable or rational, [precedent] unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute "a waiver of law" beyond his or her lawful authority…. Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by advising them that their conduct is lawful, in dereliction of his constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. That proposition is beyond the constitutional pale, and thus beyond the lawful powers of the President.
>
> Even more troubling than the implication that the President can waive statutory law is the suggestion that the President can sanction conduct that strikes at the very heart of the Constitution and thus immunize from criminal liability those who seek to destabilize or even topple the constitutional order. In addition to his obligation to faithfully execute the laws of the United States, including the Constitution, the President takes an oath to "preserve, protect and defend the Constitution." U.S. Const. art. II, § 1, cl. 8.

*Chrestman*, 525 F. Supp. 3d 14, 32-33 (some internal punctuation omitted).

Nor can there be any reasonable claim that former President Trump intended to or actually authorized the defendant's particular criminal conduct. The defendant advanced on the U.S. Capitol and then entered the building through the breached Senate Wing Door very shortly after other rioters forcibly broke it open, with broken windows visible as he entered and alarms blaring

throughout the Capitol. The defendant will be unable to identify any remarks made by former President Trump that authorized that illegal conduct.

"[E]ntrapment by estoppel is a defense rather than an evidentiary objection and, accordingly, should [be] raised prior to trial." *United States v. Colon Ledee*, 967 F. Supp. 2d 516, 520 (D.P.R. 2013). At the very least, the government requests the Court to inquire before trial if the defendant intends to either advance a defense of entrapment by estoppel or present any argument or evidence, the purpose of which would be to support such a defense. If the answer is anything but an unqualified "no," the Court should direct the defendant to make an offer of proof of such evidence and articulate why the defense is legally tenable notwithstanding *Chrestman*'s explanation that it could not be. Absent an express ruling by the Court permitting such evidence or argument, the Court should prohibit the defendant from making arguments or attempting to introduce evidence that former President Trump authorized the defendant's conduct at the Capitol.

2. **This Court Should Preclude the Defendant from Arguing That Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal**

The analysis that animates the Court's opinion in *Chrestman* also compels that the defendant cannot argue that any purported conduct by police officers made legal the crimes charged in the Information. The government concedes the possibility that the conduct of law enforcement officers is relevant to the defendant's state of mind on January 6, 2021, and may evidence his *mens rea*. That is, there is an intent requirement to the crimes charged, and the conduct of law enforcement officers may be relevant to the defendant's intent.

However, the defendant should be barred from arguing in a manner suggesting that any alleged inaction on the part of the police made his conduct legal by estoppel. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *See Chrestman*,

3

525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.

Accordingly, defendant should be prohibited from arguing that his alleged conduct (entering or remaining in a restricted building, disorderly or disruptive conduct in a restricted building, violent entry or disorderly conduct in a Capitol building, and parading, demonstrating, or picketing in a Capitol building) was lawful because police officers allegedly failed to prevent it or censure it when it occurred.

3. **This Court Should Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial**

The defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas, which are not relevant to the issues under consideration by the jury and could serve as an improper invitation for the jury to nullify its fact-finding and conclusions under the law.

The defendant may claim that he has been unfairly singled out for prosecution because of his political views, and that his conduct does not merit criminal charges. This is improper argument before the jury.  A "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Regardless of whether alleged discrimination based on political views is a proper basis for challenging the indictment—which the defendant has not claimed to date—it has no place in a jury trial. *See United States v. King*, No. CR-08-002-E-BLW, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) (excluding any evidence or argument as to selective prosecution); *United States v. Kott*, No. 3:07-CR-056 JWS, 2007 WL 2670028, at *1 (D. Alaska Sept. 10, 2007) (where defendant, in response to government's concern that defendant might claim selective prosecution at trial, "abjured any effort to" to make such a claim, "[t]he court will enforce that promise").

The defendant faces time in custody were he to be found guilty in this case. The government will request that the Court give a commonplace instruction that the jury should not concern itself with a possible sentence in the event of a conviction. *See United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010) (unpublished). Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue about the possible sentence in this case. These circumstances have no bearing on the defendant's guilt and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

5

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence aimed at jury nullification or entrapment by estoppel.

Dated February 22, 2022.

                                            Respectfully Submitted,
                                            For the United States:

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            DC Bar No. 481052

                                            */s/ Jordan A. Konig*
                                            JORDAN A. KONIG
                                            Trial Attorney, Tax Division,
                                            U.S. Department of Justice
                                            Detailed to the U.S. Attorney's Office
                                            For the District of Columbia
                                            P.O. Box 55, Washington, D.C.  20044
                                            202-305-7917 (v) / 202-514-5238 (f)
                                            Jordan.A.Konig@usdoj.gov