UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  Case No. 1:21-cr-162(2) (BAH)

TERRY LYNN LINDSEY,

  Defendant.

RESPONSE TO UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE
IMPROPER DEFENSE ARGUMENTS AND EVIDENCE

Comes now the defendant, by and through counsel, to respectfully respond to the government's motion as follow:

1. As to section one of the motion asking the Court to "…Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol", the defendant does not intend to make that argument.

2.  As to the section two of the motion that the defendant cannot argue that any purported conduct by police officers made legal the crimes charged in the Information, the Court should deny that request.   The government has contradicted its position when it "...concedes the possibility that the conduct of law enforcement officers is relevant to the defendant's state of mind on January 6, 2021, and may evidence his *mens rea*. That is, there is an intent requirement to the crimes charged, and the conduct of law enforcement officers may be relevant to the defendant's intent".   That concession is entirely correct and is repeated below in the jury instructions.

3.  The jointly agreed upon jury instruction, ECF 69, Proposed Instruction No. 19**Error! Reference source not found.** for ENTERING OR REMAINING IN A RESTRICTED BUILDING, 18 U.S.C. § 1752(a)(1),  specifically states:

"A person who enters a restricted building with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the Defendant guilty of Count One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building."

4. Certainly the government would argue lack of good faith if it had a police witness telling the defendant not to enter, yet seeks to limit the opposite testimony. It is for the jury to decide whether the defendant had a good belief based on what he did and what he saw and how he testifies if he should so decide. The government has agreed good faith is an absolute defense, yet wishes to deny the defendant the right to show why he had a good faith reason for doing what he did.

5. As to the government's third section, we have no intention to argue for nullification, admit guilt or argue selective prosecution. We will argue Mr. Lindsey is not guilty and thus will have no need to argue the above.

Respectfully submitted,

/s/ Richard S. Stern
_____
RICHARD S. STERN
D.C. Bar No. 205377
932 Hungerford Drive #37A
Rockville, MD 20850
301-340-8000
Email: rssjrg@rcn.com
Attorney for Mr. Lindsey

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically served all counsel of record on March 4, 2022.

/s/ Richard S. Stern
_____
RICHARD S. STERN