UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                          Case No.  21-cr-00162 BAH

TERRY LINDSEY

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Comes now the defendant, by and through his attorney, Richard S. Stern, to respectfully move this Honorable Court to sentence Mr. Lindsey a reasonable guidelines sentence with all sentences to run concurrently.

As grounds therefore, we state as follows:

1. Mr. Lindsey was originally charged in four count information. On April 5, 2022, the defendant pled guilty to Counts One, Three, and Four of the Information pursuant to a written plea agreement and agreed upon statement of facts. He pled guilty to Count one, 18 USC § 1752(a)(1), which carries a maximum sentence of 12 months of imprisonment, a fine of $100,000, and a special assessment of $25. He also pled to Counts Three, 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building) and Four 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building), each of which carries a maximum sentence, per count, of six months of imprisonment; a term of probation no more than five years; a fine of not more than $5,000; a $10 special assessment; and an obligation to pay any applicable interest on penalties on fines and restitution not timely made. He also agreed to pay restitution of $500.00.

2. Mr. Lindsey freely admitted to facts in the statement of facts without reservation. The Court carefully reviewed the allegations in the statement of facts with Mr. Lindsey, and he admitted the allegations with no explanation, pause or excuse. Thus, Mr. Lindsey has complied

1

with his obligations under the plea agreement and nothing has been further asked of him by the government. The presentence writer determined he had accepted responsibility and no objection was made any party.

3. There was a co-defendant, Glen Wesley Croy, who pled guilty to Count Four of the Information. He was sentenced by this Court to a 36-month term of probation. As a condition of supervision, the Court imposed fourteen-days in a residential re-entry center, ninety days of location monitoring (home detention), a $10 special assessment and restitution of $500.

4. We submit that the evidence against both defendants is not so substantially different such that similar sentences should not be given. The main difference at this stage is procedurally Mr. Croy pled guilty at a much earlier stage in the proceedings and received the benefit of a more favorable plea agreement, so we move that this will be unduly held against Mr. Lindsey based on a review of all the facts in the case. It should be noted that a substantial amount of discovery was given to the defense after Mr. Croy had pled guilty, so there is more evidence at present based on the new discovery that would not have existed had Mr. Lindsey pled when Mr. Croy did.

5. The final presentence report shows that neither defendant "… exercised managerial authority over any other participant. They are considered to be an average participant whose conduct was not peripheral to the advancement of the offense. Therefore, neither Mr. Croy's nor Mr. Lindsey's conduct merits an aggravating or mitigating role adjustment. USSG §§ 3B1.1 or 3B1.2." ECF 90 ¶31. The government did not object to that.

6. We thus submit a review of the evidence basically shows that the two defendants committed similar conduct.

7. We submit Mr. Croy's and Mr. Lindsey's sentences should not be substantially dissimilar.

8. Mr. Lindsey has worked as a bricklayer for past 30 years or so and he has worked for several builders. He is regularly employed through his union throughout Ohio. He has been described as a good member had that there were no complaints. ECF 90 ¶108. He would very much wish to continue working to help support his family.

9. He takes care of his wife who has serious medical issues, specifically chronic obstructive pulmonary disease (COPD), See ECF 90 ¶88, and his grandchildren at times.

10. The presentence writer reported that: "The defendant's wife described him as a "good dad, husband, and grandfather." She stated, "We all love him. We're a very connected family and would really feel it if he went to jail." She noted that he is the only financial support for her and two of their grandchildren. She stated, "It would be very difficult on the family if he was incarcerated. Our children depend on their dad for support." "

11. Thus, Mr. Lindsay has a family that needs him very much both financially and emotionally.

12. Mr. Lindsey is not alleged to have obstructed justice in this matter. ECF 90 ¶33.

13. All parties agree that that Mr. Lindsey has accepted responsibility and his guidelines are an offense level of 4 and a criminal history of 1 for a guidelines sentence of 0-6 months. The listed prior convictions except for the 2018 case were too old to be counted. But while troubling, many of the cases resulted in fines or a short prison term (5 days for a 2006 Driving under the Influence charge) except for the conviction in 1995 in Oregon which involved possession of 0.1 gram of cocaine which resulted in a 120-day sentence. In many jurisdictions, that would been a misdemeanor and the sentence would not have been so severe.

14. Mr. Lindsey has been cooperative with law enforcement at time of his arrest on February 17, 2021. He was read his rights and spoke to the FBI Agents for over eighteen (18) minutes and did not refuse to answer any question, except he was apprehensive about naming the co-defendant by name or how he got to Washington, but admitted that the person he did not want to name was in fact Mr. Croy when the agent asked him if it was Mr. Croy.

15. One troubling matter in the report in paragraph 13: "He tested positive for marijuana on May 3, 2022, and marijuana and alcohol on May 27, 2022. It was noted that he has admitted to daily use of marijuana and has been "vague" with his officer and refuses to answer questions. It was noted that he indicated he did not care about his pretrial supervision and left the office." Mr. Lindsey was called off his job to come to the Pretrial Service Services building only to wait and twice the person who called him in was not present. While the test results speak for themselves, what was said by him was a matter of frustration in missing work and causing problems for Mr. Lindsay on his job. The Court ordering drug and/or alcohol treatment and counseling would be reasonable under the circumstances and was recommended by the presentence writer. ECF 90 ¶¶138, 139, 140.

16. We move that no financial penalty be given in this case (other than the agreed upon restitution of $500.00 and the special assessments) as the presentence writer has determined the defendant does not have sufficient funds to pay. ECF 90 ¶117.

17. As to Mr. Lindsey's military service in which he enlisted at the age 17. His military service is more detailed in the presentence report. ECF 90 ¶109.

18. In sum, we submit that given all the above, a reasonable guidelines sentence with appropriate conditions would be fair and reasonable.

WHEREFORE, we pray that the Court order the requested sentence with any and all conditions it deems appropriate.

Respectfully submitted,

/s/ Richard S. Stern

_____
RICHARD S. STERN
D.C. Bar No. 205377
932 Hungerford Drive #37A
Rockville, MD 20850
301-340-8000
Email:  rssjrg@rcn.com
Attorney for Mr. Lindsey

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically served all counsel of record on July 2, 2022.

/s/ Richard S. Stern

_____
RICHARD S. STERN