UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-162(2) (BAH) |
| | : | |
| TERRY LYNN LINDSEY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Terry Lindsey's sentencing memorandum, ECF No. 93. Lindsey's unlawful conduct on January 6, 2021 and since that date is significantly more egregious than that of his co-defendant, Wes Croy, and Lindsey's misleading statements to the FBI, continued lack of remorse for his crimes, and repeated violations of this Court's conditions of release justify a significantly more substantial sentence of imprisonment than this Court imposed on Croy. Accordingly, the government renews its request that the Court sentence Lindsey to one year of incarceration, one year of supervised release, 60 hours of community service, and $500 in restitution.

**I.      Comparison to Co-Defendant Wes Croy**

Lindsey's primary argument in support of a lenient sentence is that Croy was sentenced to a 36-month term of probation, including 14 days in a residential re-entry center and 90 days of home confinement. *Id.* at 2. Lindsey states that, "a review of the evidence basically shows that the two defendants committed similar conduct." *Id.* That is incorrect.

For example, it is true that both Lindsey and Croy were part of a group of aggressive rioters that surrounded Metropolitan Police Department ("MPD") officers at approximately 2:00 p.m., attempted to prevent the officers' access to the Capitol Building, and yelled at the officers.

1



*Screenshot from Exhibit 3 at 3:03: Lindsey (viewer's right, wearing blue jacket) and Croy (viewer's left, wearing grey sweatshirt) yell at uniformed MPD officers as the officers attempt to reach the Capitol Building.*

However, Lindsey –not Croy – apparently shoved a uniformed officer just seconds earlier:



*Exhibit 3: Lindsey appears to push a uniformed MPD officer from behind as Croy stands nearby.*

2

Lindsey and Croy also both unlawfully entered the Capitol Building through the Senate Wing Door just five minutes after the initial breach, joined the crowd in the Crypt as it overwhelmed officers who were attempting to prevent rioters from proceeding further into the Capitol Building, were expelled from the Building, and then unlawfully entered again nearly 45 minutes later.  But Lindsey – not Croy – was then captured on MPD body-worn camera footage as he evaded MPD officers who were trying to clear the chaotic hallway outside the Rotunda.



*Exhibit 17:  Lindsey evading MPD officers as he enters the Rotunda.*

These two incidents show that Lindsey's crimes are not substantially similar to those of Croy; they are significantly worse.

Even apart from Lindsey's more aggressive conduct on January 6, 2021, there is good reason why Croy "received the benefit of a more favorable plea agreement."  ECF No. 93 at 2.  That is because *Croy entered into a more favorable plea agreement*.  Lindsey was offered – and rejected – the same plea terms as Croy on at least four occasions.  *See* ECF No. 69 at 1-2 (identifying offers extended July 12, 2021, July 30, 2021, October 29, 2021, and prior to February 17, 2022).  After pretrial materials were submitted, the Court conducted a pretrial conference, and the government submitted its witness list and final exhibit list, Lindsey agreed to plead guilty to

3

three of the four offenses charged in the Information, including a violation of 18 U.S.C. § 1752(a)(1). Lindsey certainly should not be treated as if he "pled guilty at a much earlier stage of the proceedings[,]" ECF No. 93 at 2, and to two fewer crimes.[1]

The conduct of Wes Croy and the procedural posture of his case was not "substantially similar" to that of Terry Lindsey. Accordingly, Lindsey should not be sentenced to an equally lenient sentence of imprisonment.

## II. Lindsey's Misleading Statements to the FBI

Lindsey also urges the Court to conclude that he was "cooperative with law enforcement at the time of his arrest on February 17, 2021." ECF No. 93 at 4. The government disagrees. Throughout his interview, Lindsey deceived the officers and minimized his wrongdoing. He claimed, falsely, "I didn't do anything wrong." Ex. 19, Clip 2 at 0:16. Failing to acknowledge his conduct on the West Lawn and omitting his climb through metal scaffolding as the Capitol Building was being breached, Lindsey told the FBI that he, "stood outside, peacefully, patriotically protesting until they opened the doors and let us in." *Id.*, Clip 4 at 0:25 – 0:30. He stated,

> Nobody was in – nobody around where I was at was doing anything but standing down there and minding – you know, not minding our own business, but you know, screaming and chanting, stop the steal, whatnot. And like I said, then the police just kinda dissolved and let everybody come in.

*Id.*, Clip 4 at 1:15 – 1:30. These claims are belied by Sentencing Exhibits 1-8.

Additionally, video evidence disproves Lindsey's statements that "there were Capitol Hill police officers standing on each side of the door, and the doors were propped open, letting us in" and the USCP officers were "just kind of standing there while people went past them in an orderly

---

[1] The Court should reject Lindsey's suggestion that he is being penalized "based on new discovery that would not have existed had Mr. Lindsey pled when Mr. Croy did." ECF No. 93 at 2. Having deceived the FBI about the extent of his wrongdoing and then repeatedly expressing his intent to proceed to trial, Lindsey can hardly complain that the government discovered additional evidence of his crimes while preparing for trial.

fashion." *See* Exhibit 8 at 0:34 – 0:44, 0:50 – 0:54, and 12:26-30.



*Screenshot from Exhibit 8 at 12:48: Lindsey (right) and Croy (left) enter through the Senate Wing Door. No law enforcement officers are visible nearby, and the glass on the door has been cracked by other rioters.*



*Screenshot from Exhibit 8 at 13:05: Lindsey is shown immediately after he entered the Capitol Building.*

And even if Lindsey "did not refuse to answer any question," ECF No. 93 at 4, his answers

5

were deceptive.  He should not benefit from his dishonesty.

### III. Lindsey's Failure to Express Remorse for His Crimes

Terry Lindsey still has not displayed any remorse for his conduct on January 6, 2021. Although he now "freely admit[s] to facts in the statement of facts without reservation," ECF No. 93 at 1, he still has not publicly recanted his statements on January 6, 2021 that he felt "great," "proud," and it was "one of the best days of [his] life."  As he did immediately following his arrest, Lindsey appears to believe that he "didn't do anything wrong."  Ex. 19, Clip 2 at 0:16.

Even in his sentencing memorandum, Lindsey has not expressed a bit of regret for menacing – and apparently assaulting – uniformed MPD officers, invading the Capitol Building twice, overwhelming out-numbered USCP officers in the Crypt, or participating in a deadly riot that forced the interruption of the certification of the 2020 Electoral College vote count, threatened the peaceful transfer of power after the 2020 presidential election, injured more than one hundred law enforcement officers, and resulted in more than 2.7 million dollars in losses.  A sentence of 14 days in a residential re-entry facility as a condition of probation would not afford adequate deterrence to Lindsey or to others who might mimic his actions in the future, reflect the seriousness of his conduct, or promote his respect for the law.

### IV. Lindsey's Repeated Violations of the Law and This Court's Orders

It is quite an understatement to refer to Lindsey's serial arrests and violations of the conditions of his release in this case as "troubling."  ECF No. 93 at 2, 3.  Lindsey has exhibited an unabated disdain for the rule of law and this Court's authority.  As described in the Presentence Report and the Government's Sentencing Memorandum, Lindsey has been convicted of various offenses on nine occasions and had been arrested *21* additional times.  *See* PSR ¶¶ 50-81.

On February 27, 2022, just days after pretrial materials were due in this case, Lindsey was

arrested for driving under the influence, driving under suspension, and a stop sign violation in Miami County, Ohio. *Id.* at ¶ 81. He did not report his arrest to Pretrial Services. The Court then imposed additional conditions of release, including that Lindsey abstain from the use of alcohol, narcotics, and controlled substances; not violate federal, state, or local law; advise the court or Pretrial Services of any change in residence; and promptly report every contact with law enforcement personnel. *See* ECF No. 77. Lindsey has repeatedly violated these conditions.

Despite the Court ordering him to abstain from the use of intoxicants, Lindsey tested positive for marijuana use on May 3, 2022, and tested positive for marijuana and alcohol use on May 27, 2022. PSR at ¶ 103. Lindsey, who boasted of smoking marijuana on the Capitol steps on January 6, 2021, admitted consuming two to three beers daily and one-quarter ounce of marijuana weekly until the time of his interview by the U.S. Probation Officer. *Id.* at ¶¶ 13, 102.

Lindsey also has had a number of recent contacts with law enforcement personnel – including a felony indictment and a recent arrest and arraignment – that he never reported to his Pretrial Services officer. First, Lindsey was arrested and arraigned on June 22, 2022 after he failed to appear for the change-of-plea hearing related to the February 27, 2022 arrest described above. As reflected in the Presentence Report, Lindsey was scheduled to enter a guilty plea on June 15, 2022 in Miami County, Ohio. *See* PSR ¶ 81. Lindsey did not appear and a warrant issued for his arrest. He then was arrested and arraigned on June 22, 2022. According to his Pretrial Services Officer, Lindsey did not report this law enforcement contact.

In addition, on June 23, 2022, Lindsey was indicted in Shelby County, Ohio, for felony unauthorized use of a motor vehicle[2] related to his refusal on or about June 17, 2022 to return a

---

[2] Although Lindsey does not appear to have been charged with driving under a suspension, he was driving this truck in June and has not had a valid driver's license in a number of years.

truck to its titleholder. A warrant was issued on June 27, 2022. The Sheriff's Office was unable to serve the warrant at the address provided by Lindsey to Pretrial Services, as he reportedly no longer lives at the address. According to the Pretrial Services Officer, Lindsey did not report any of these contacts with law enforcement and has not informed her of any change in address.

As noted in the Presentence Report, Lindsey has been vague with his Pretrial Services Officer and refuses to answer questions. *Id.* at ¶ 13. He stated he "did not care about his pretrial supervision and left the office." *Id.* Even as of July 5, 2022, Lindsey has not reported to Pretrial Services as directed and contact from his Pretrial Services Officer went straight to voicemail.

Lindsey's persistent flouting of the law and this Court's orders is more than "troubling." It is a clear sign to the Court that only a significant sentence of imprisonment will deter future criminal conduct.

## V. Conclusion

For the reasons set forth above and in its Sentencing Memorandum, the government recommends that this Court sentence Terry Lindsey to one year of incarceration, one year of supervised release, 60 hours of community service, and $500 in restitution.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Jordan A. Konig*
        JORDAN A. KONIG
        Supervisory Trial Attorney
        U.S. Department of Justice
        Detailed to the U.S. Attorney's Office
        For the District of Columbia
        P.O. Box 55
        Washington, D.C. 20044
        202-305-7917 (v) / 202-514-5238 (f)
        Jordan.A.Konig@usdoj.gov